Timothy M. Lynch
Hozubin, Moberly, Lynch & Associates
711 M Street, Ste 2
Anchorage, Alaska 99501
(907) 276-5297 *telephone*
(907) 276-5291 *facsimile*
tlynch@northlaw.com

*Attorneys for Markel Insurance Company*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| INGWE ALASKA INVESTMENTS )<br>D/B/A VALDEZ MARINE AND OUTDOORS )<br>)<br>      Plaintiff, )<br>v. )<br>)<br>MARKEL INSURANCE COMPANY )<br>)<br>      Defendant )<br>_____ ) | Case No. _____ |

### NOTICE OF REMOVAL OF ACTION IN ACCORDANCE WITH
### 28 U.S.C. § 1337(a) and IN THE ALTERNATIVE
### 28 U.S.C. § 1441 BASED ON DIVERSITY

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant Markel Insurance Company (hereafter "MIC") hereby removes to this court the state court action described in Paragraph 1 below:

  1.  On or about December 23, 2014, the plaintiff, a limited liability company formed on August 17, 2011 in accordance with the Alaska Revised Limited Liability Company Act, AS10.50.010 *et seq.* with its principal place of business in Valdez, Alaska, commenced an action in the District Court of the State of Alaska, Third Judicial District at Valdez entitled *Ingwe Alaska Investments dba Valdez Marine Outdoors v. Markel Insurance Company* 3VA-14-155CI.

Notice of Removal    Page 1 of 8
*INGWE AK Investments v. Markel Insurance Co.*    Case No. _____

Case 3:15-cv-00016-RRB   Document 1   Filed 02/03/15   Page 1 of 8

2. MIC, a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Virginia, first received a copy of the Complaint on January 8, 2015 when it was served through the Division of Insurance, State of Alaska.

3. The Complaint alleges that MIC breached its duty of good faith and fair dealing and has operated in bad faith in handling a claim for theft loss filed by the Plaintiff.

4. The Complaint seeks the following:

   a) Actual damages of $7,010.73;

   b) Punitive damages

   c) Full attorney fees that have already been incurred;

   d) Future attorney fees;

   e) Statutory trebling of all awards;

   f) Interest;

   g) Court costs;

   h) Any other relief that is proper, just and equitable based upon the facts alleged in the complaint and/or discovered during the course of litigation.

5. For jurisdiction under 28 U.S.C.A. 1332 to exist, the amount in controversy must exceed $75,000 exclusive of costs and interest.

6. The civil jurisdiction of the State of Alaska District Court under AS 22.15.030(a)(1) is for "for the recovery of money or damages when the amount claimed exclusive of costs, interest, and attorney fees does not exceed $100,000 for each defendant."

7. While the plaintiff has not set forth specifically, the damages sought, the amount in controversy could easily equal the $100,000 jurisdictional limit of the State District Court.

Notice of Removal
*INGWE AK Investments v. Markel Insurance Co.*
Page 2 of 8
Case No. _____

Case 3:15-cv-00016-RRB   Document 1   Filed 02/03/15   Page 2 of 8

8. Plaintiff seeks reimbursement of an undetermined amount of attorney fees which he alleges in the complaint that he incurred having someone represent him at a statement under oath and possibly in providing other advice with regard to this claim. These expenditures for attorney fees may be considered damages arising from an alleged breach of an insurance contract as opposed to attorney fees awarded in accordance with Alaska Statute 09.60.010 and Alaska Rule of Civil Procedure 82. See, *Brandt v. Superior Court of San Diego County, Respondent; Standard Insurance Company, Real Party in Interest.*[1]

9. Plaintiff seeks to have "actual" damages of $7,010.73 and the as yet undetermined attorney fee damages tripled. The "actual" damages alone, if tripled would equal $21,032.

10. Plaintiff has sought punitive damages.

11. Plaintiff alleges in his Complaint as follows:

> ¶5. Plaintiff notified the defendant of the loss in January of 2014. The defendant vigorously either ignored our requests or simply refused to call us back. . . . In the course of processing the claim the defendant then demanded a sworn deposition; a very unusual and costly expense for such a small claim. The defendant was forced to hire an attorney to sit in on the deposition and to try and get the plaintiff's claim paid. The resulting actions of the defendant were clearly to deny these series of claims. It is the plaintiff's position that the defendant breached its absolute duty of good faith and fair dealing under Alaska common law. . . .
>
> ¶6. During this claim process the defendant has consistently operated in bad faith and has in fact violated every single standard of The Alaska Unfair Claims Practices Act. Many numerous times. (sic) After numerous call (sic) and E-mails

---

[1] 693 P.2d 796, 798 (California 1985) ["When an insurer's tortious conduct reasonably compels the insured to retain an attorney to obtain the benefits due under a policy, it follows that the insurer should be liable in a tort action for that expense. The attorney's fees are an economic loss—damages—proximately caused by the tort. (Citation omitted.) These fees must be distinguished from recovery of attorney's fees *qua* attorney's fees, such as those attributable to the bringing of the bad faith action itself. What we consider here is attorney's fees that are recoverable as damages resulting from a tort in the same way that medical fees would be part of the damages in a personal injury action.]

to the defendant; which of course went unanswered; the defendant finally agreed to do a policy review the first week of July 2014. The plaintiff never heard one word from the defendant until it received a letter dated December 5, 2014. The Plaintiff called or Emailed the defendant more than one hundred times during the six month period between partial payment and receipt of the letter of determination December 13, 2014. But in violation of the 45 day rule the defendant simply refused to obey the Laws of the State of Alaska. . . .

¶7. The defendant has breached its duty of good faith so many times that one simply loses count. The defendant has repeatedly violated the Alaska Unfair Claims Practices Act and just ignores the law. As such the defendant is subject to both actual damages and punitive damages. The defendant is now subject to a statutory trebling of that amount as dictated by Alaska common and statutory law.

12. Alaska Statute 09.17.020(f) provides that an award of punitive damages may not exceed the greater of three times the amount of compensatory damages or the sum of $500,000.

13. Alaska Statute 09.17.020(g) provides that if the jury finds that the defendant's conduct was motivated by financial gain and the adverse consequences were known to the defendant, the cap increases to the greater of four times the compensatory damages or four times the aggregate financial gain the defendant received or $7,000,000.

14. Alaska Statute 09.17.020(b) requires that the plaintiff prove by clear and convincing evidence that MIC's conduct was outrageous and, among other things, evidenced reckless indifference to the interest of another person.

15. If plaintiff can produce the evidence that MIC inappropriately requested a sworn statement under oath so as to drive up his costs in seeking the benefits available to him under the insurance policy and also that MIC ignored more than one hundred (100) emails and

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297   F: 907.276.5291

voice mail messages[2], it would appear that the plaintiff will have established by "clear and convincing" evidence MIC's "reckless indifference" to his interests.

16. This court, in *Blake v. Guthy-Renker, LLC* when granting summary judgment against a plaintiff on her punitive damages claim, noted that "punitive damages 'are a harsh remedy not favored in law. They are to be allowed only with caution and within narrow limits.'"[3]

17. However, the standard for summary judgment in state court almost certainly will preclude the pre-trial dismissal of the plaintiff's claim. See, *Meyer v. State*, 994 P.2d 365, 367 (Alaska 1999) ["The party opposing summary judgment need not produce all of its evidence but instead must only show the existence of a genuine factual dispute. In rendering its summary judgment determination, the court should examine the pleadings, affidavits, and discovery answers to ascertain whether any genuine issues of material fact exist."] See also, *Alaska Housing Finance Corp. v. Salvucci*[4] wherein, despite the presumption against an award of punitive damages against the State in the absence of specific statutory authorization, the trial court permitted the question to go to the jury.

18. In *Oaksmith v. Brusich*,[5] the Alaska Supreme Court stated:

> The trial court awarded $25,000 in punitive damages to Stan and Bonnie Oaksmith for Daniel Brusich's intentional and outrageous conduct. The court's decision does not allocate the award between Stan and Bonnie Oaksmith or between the intentional infliction of emotional distress claim and the business interference claim. While we reversed the award of damages for the intentional interference with the Shrum business relationship, we note that the court made a finding

---

[2] Plaintiff's Complaint, ¶6.

[3] 965 F.Supp.2d 1075, 1088 (D.C. Alaska 2013)

[4] 950 P.2d 1116, 1123-4 (Alaska 1997).

[5] 774 P.2d 191, 201 (Alaska 1989).

Notice of Removal
*INGWE AK Investments v. Markel Insurance Co.*
Page 5 of 8
Case No. _____

Case 3:15-cv-00016-RRB   Document 1   Filed 02/03/15   Page 5 of 8

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297   F: 907.276.5291

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297  F: 907.276.5291

of nominal damages to the Oaksmiths for Daniel Brusich's intentional interference with the marina business. This finding was clearly supported by evidence of Brusich's interference with marina customers, employees and harassment of Bonnie Oaksmith in her operation of the marina.

In *Haskins v. Shelden*, 558 P.2d 487, 493 (Alaska 1976), this court quoted McCormick for the proposition that in some cases substantial punitive damages may be awarded even though actual losses have not been proven with sufficient definiteness to support other than nominal damages. We conclude that the finding of nominal damages for the intentional interference with prospective economic advantage claim is a sufficient basis for an award of punitive damages to Stan Oaksmith. The award of punitive damages to Bonnie is premised both on her intentional infliction of emotional distress claim as well as the business interference claim. We conclude that the court's finding as to Brusich's intentional and outrageous conduct is supported by the record and we therefore affirm the award of punitive damages.

19. In *Casciola v. F.S. Air Service, Inc.*,[6] the Alaska Supreme Court stated:

> As a preliminary matter, we note that Alaska law does not prescribe a fixed ratio, or range of ratios, between punitive and compensatory damages. Though both AS 09.17.020 and the United States Supreme Court suggest that three- or four-to-one ratios between punitive and compensatory damages are appropriate, we have upheld punitive damages far in excess of these ratios. Our reluctance to adopt a fixed ratio is motivated in part by the fact that punitive damage awards must be tailored to case-specific facts in order to achieve optimal deterrence and punishment. Where compensatory damages may be small relative to the cost of litigating, or where the nature of a tortfeasor's scheme makes deterrence and punishment difficult, a higher ratio may be necessary to create the incentives necessary to vindicate Alaska's legitimate interest in preventing particularly malignant conduct.

20. Despite the burden of proof, Alaska juries have awarded substantial amounts of punitive damages:

---

[6] 120 P.3d 1059, 1064 - 5 (Alaska 2005)

Notice of Removal  
*INGWE AK Investments v. Markel Insurance Co.*  
Page 6 of 8  
Case No. _____

| Case Citation | Amount Awarded | Comment |
|---|---|---|
| *Laidlaw Transit, Inc. v. Crouse*, 53 P.3d 1093 | $3,500,000 | Remitted to $500,000 by the trial court. Upheld on appeal. |
| *Casciola v. F.S. Air Service, Inc.* 120 P.3d 1059 | $300,000 | Ten to one ratio between compensatory and punitive award was upheld on appeal. |
| *Teamsters Local 959 v. Wells*, 749 P.2d 349 | $300,000 | Ten to one ratio between compensatory and punitive award was upheld on appeal. |
| *Alaska Marine Pilots v. Hendsch*, 950 P.2d 98, 111 (Alaska 1997) | $75,000 | Reversed on appeal due to error in the instructions. |
| *ARCO Alaska, Inc. v. Akers*, 753 P.2d 1150 (Alaska 1988) | Jury awarded $125,000 punitive and $51,390 in compensatory damages. | Reversed on appeal as court found, as a matter of first impression, that punitive damages are not permitted for breach of covenant of good faith and fair dealing in breach of employment contract cases. |
| *Great Divide Insurance Co. v. Carpenter*, 79 P.3d 599 (Alaska 2003) | $2,600,000 | Reversed on appeal as the claim for punitive damages was not pled and no notice of the claim was given prior to trial. |
| *State Farm Mutual Automobile Insurance Co. v. Weiford*, 831 P.2d 1264 (Alaska 1992) | Jury awarded $1,200,000 punitive and $18,007.50 in compensatory damages. | Punitive damages reversed on appeal. |

21. Based upon the foregoing, MIC respectfully contends that this matter is meets the requirements of 28 U.S.C. § 1337(a) and 28 U.S.C. § 1441 for removal to the United States District Court.

DATED at Anchorage, Alaska this 30th day of January, 2015.

Hozubin, Moberly, Lynch & Associates
Attorneys for Markel Insurance Company

By: _____
Timothy M. Lynch
Alaska Bar No. 7111030
Hozubin, Moberly, Lynch & Associates
711 M Street, Ste 2
Anchorage, Alaska 99501
(907) 276-5297 *telephone*
tlynch@northlaw.com

Certificate of Service

I hereby certify that on the 30th day of January, 2015
I caused a true and correct copy of the foregoing to
be served to the following electronically:

Larry Reynolds
P. O. Box 368
Valdez, AK 99686

_____
Hozubin, Moberly, Lynch & Associates